**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPHINE CROOK,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | **NO. 25-7055** |
| **v.** | : | |
| | : | |
| **TRANS UNION, LLC,** | : | |
| *Defendant.* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    MAY 27, 2026

## MEMORANDUM OPINION

On December 15, 2025, Plaintiff Josephine Crook, ("Plaintiff"), proceeding with the assistance of counsel, filed this action accusing Defendant Trans Union LLC, ("Defendant"), of violations of the Fair Credit Reporting Act, ("FCRA"), and the Fair and Accurate Credit Transaction Act, ("FACTA"), 15 U.S.C. §§ 1681 *et seq.* (ECF 1). Accompanying Plaintiff's filing was an Application Form PAE AO 239 to Proceed in District Court Without Paying Fees or Costs, (the "IFP Application"), commonly referred to as an application to proceed *in forma pauperis*. (ECF 2). This memorandum addresses the IFP Application, and in so doing, as required by law, inquires as to the merits of Plaintiff's claims. 28 U.S.C. § 1915(a). For the reasons discussed herein, the Application, (ECF 2), is **GRANTED**, and Plaintiff may proceed with her suit *in forma pauperis*. As discussed herein, Plaintiff's claim under the FCRA and FACTA are dismissed, *without prejudice*, as Plaintiff has failed to allege the requisite elements of the violations of those statutes.

## I.    FACTUAL ALLEGATIONS

Plaintiff alleges, without identifying any dates, that Defendant "maintained a 'file' on Plaintiff." (ECF 1 at ¶ 19).  Also not specifying a date, Plaintiff alleges she, at some time prior to commencement of the suit, "contacted Defendant in writing and requested a copy of the information contained in Plaintiff's consumer file . . . ." (*Id.* at ¶ 21).  Exhibit B to the Plaintiff's complaint shows that this request for her[1] "consumer report" was sent to Defendant on December 4, 2023.  (ECF 1 at p. 11-12).  Plaintiff alleges that Defendant refused to provide to her a copy of her consumer report, instead sending a form letter denying the request.  (*Id.* at ¶¶ 25-29).  In a letter dated December 16, 2023, Defendant's "Support Team" communicated to Plaintiff that the request for her consumer report "didn't appear [to come from Plaintiff] or an authorized third party." (ECF 1 at p. 14).  Defendant further communicated to Plaintiff that they would not process the request for access to Plaintiff's consumer report "unless [the request came] directly from [Plaintiff] or an authored third party." (*Id.*).

## II.    LEGAL STANDARD

To allow a plaintiff to proceed *in forma pauperis*, the court must first find, based on Plaintiff's affidavit that "includes a statement of all assets," that the plaintiff is "unable to pay [court fees]." 28 U.S.C. § 1915(a)(1); *see also Roseboro v. Baker,* No. 25-CV-5418, 2025 WL 3268919, at *2 (E.D. Pa. Nov. 24, 2025).  Inability to pay does not end the inquiry, however.  If this threshold inability-to-pay requirement is met, a plaintiff's complaint is subject to screening as to its merit, and dismissal is required if the complaint fails to state a claim.  *See id.* (citing 28

---

[1]    This Court makes no presumption as to a party's gender identity, but notes that, throughout the complaint Plaintiff is referred to as "his" and "her", which raises a concern as to whether this complaint was simply stock and revised and reused. (*Compare* ECF 1 at ¶ 24(a) *with id.* at ¶¶ 47(c)-(d)).

U.S.C. § 1915(e)(2)(B)(ii)).  Each court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[ing] all reasonable inferences in [the plaintiff's] favor,' and 'ask[ing] only whether [the] complaint, liberally construed, ... contains facts sufficient to state a plausible [ ] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Additionally, a court may dismiss a complaint based on an affirmative defense if the "defense is apparent on the face of the complaint."  *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  As a represented litigant, the liberal standard applied to *pro se* filings, *see Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)), does not apply. In addition, 28 U.S.C. § 1915(e)(2)(B)(i) requires a court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915 gives judges

"the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" Id. at 327–28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Calloway is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.   DISCUSSION

Plaintiff has demonstrated an inability to pay, as she has attested that she is retired on a fixed income of $1,233 a month, which is a combination of a social security benefit as well as a public assistance benefit.  (ECF 2).  This threshold requirement being met, this Court must now determine whether Plaintiff's claims have merit.  28 U.S.C. § 1915(e)(2)(B)(ii).  As discussed herein, they do not.  Plaintiff brings two counts: a violation of the Fair Credit Reporting Act, ("FCRA"), and the Fair and Accurate Credit Transaction Act, ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*  (ECF 1 at p. 1).  Each is addressed in turn.

*Fair Credit Reporting Act*

The Fair Credit Reporting Act, ("FCRA"), was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) ("The FCRA is intended 'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize

4

accurate, relevant, and current information in a confidential and responsible manner.'") (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* at § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *See Seamans*, 744 F.3d at 868.

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under § 1681e(b), a plaintiff must plead the following elements:  "'(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.'"  *Cortez*, 617 F.3d at 708 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy[.]" *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to

5

determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency "had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

Plaintiff's claim does not state that her credit report kept by Defendant was inaccurate or inappropriately reported; it simply states that Defendant failed to provide a copy of the report. (*See generally* ECF 1). Plaintiff provides no support, and this Court has found none supporting an FCRA claim where a credit agency requests confirmation of identity before providing a copy of a credit report. As this Court reads the complaint and attached exhibits, Defendant simply asked for confirmation that the request for a copy of Plaintiff's credit report actually generated from Plaintiff or her authorized agent. (ECF 1 at p. 14). Asking for confirmation of identity before sharing sensitive credit information is not an FCRA violation. The complaint describes how Defendant was reticent to share Plaintiff's credit report before confirming that it was her or an authorized third party who requested it. (*See id.*). That does not constitute *harm*. Instead, it reads more to this Court that Defendant had policies and procedures in place to ensure it did not unintentionally or, without justification, disclose an individual's credit report. There is nothing averred in the complaint that disabuses this conclusion. Accordingly, a claim based on the FCRA for Defendant

failing to provide Plaintiff with her credit report, as pled, lacks merit and is dismissed, *without prejudice*.

*Fair and Accurate Transactions Act*

"The Fair and Accurate Transaction Act of 2003 ("FACTA"), which requires retailers to truncate credit card information on electronically printed receipts given to customers." *Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 754–55 (E.D. Pa. 2007). "FACTA provides, in relevant part, that 'no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'" (*Id.*) (quoting 15 U.S.C. § 1681c(g)(1)). "This provision applies only to electronically printed receipts." (*Id.*) (quoting 15 U.S.C. § 1681c(g)(2)). "This provision took effect in two phases depending on when the retailer's cash register was installed: '[W]ith respect to cash registers installed on or after January 1, 2005, compliance was required immediately, while registers in use before that date were required to comply beginning in December *755 4, 2006.'" (*Id.*) (quoting *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F.Supp.2d 965, 969 (C.D.Cal.2007)).

Plaintiff's complaint makes no allegations supporting a FACTA violation. (*See generally* ECF 1). She alleges that Defendant Trans Union, LLC, a credit agency, failed to provide her a copy of her credit report. There are no allegations that her credit information was unintentionally or inappropriately exposed, much less that Defendant generated a printed receipt containing her credit card information that would support a FACTA violation. (*See id.*). As such, Plaintiff's FACTA claim is dismissed, *without prejudice*.

## IV.    CONCLUSION

Plaintiff's motion to proceed *in forma pauperis*, (ECF 2), is granted as Plaintiff has adequately attested to an inability to pay.  However, as is required by statute, a review of Plaintiff's complaint reveals that her claims, on a motion to dismiss standard, fail to withstand scrutiny.  Accordingly, Plaintiff's complaint is dismissed, without prejudice.  An order consistent with this memorandum will follow.

*NITZA I. QUIÑONES ALEJANDRO, J.*