**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPHINE CROOK**, | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | **NO. 25-7055** |
| **v.** | : | |
| | : | |
| **TRANS UNION, LLC**, | : | |
| *Defendant*. | : | |

# O R D E R

**AND NOW,** this 27th day of May 2026, upon consideration of the *motion for leave to proceed in forma pauperis* filed by Plaintiff, (ECF 2), and the complaint, (ECF1), it is hereby **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**;

2. Plaintiff's complaint is **DISMISSED**, *without prejudice*, for the reasons set forth in the accompanying Memorandum Opinion,

3. Plaintiff may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendant(s) in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Plaintiff's claims against defendant(s). The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting the amended complaint, Plaintiff should be mindful of the Court's reasons for dismissing the claims in her initial complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. If Plaintiff does not wish to file an amended complaint and instead intends to stand on her complaint as originally pled, she may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on the Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, (s)he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5. Should Plaintiff fail to file an amended complaint within thirty (30) days of the date of this Order, the **CLERK** is directed to mark this matter **CLOSED**.

BY THE COURT:

/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*